**HOWARD & HOWARD ATTORNEYS, PLLC**
Robert W. Hernquist (NSBN 10616)
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
Telephone: (702) 257-1483
Facsimile: (702) 567-1568
*rwh@h2law.com*

Attorneys for Defendant WATCHR MEDIA, INC.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| AUGUST IMAGE, LLC, AND CREATIVE PHOTOGRAPHERS, INC, <br><br> Plaintiff, <br><br> v. <br><br> WATCHR MEDIA, INC., <br><br> Defendant. | Case No.: 3:22-cv-00203-ART-CLB <br><br> **WATCHR MEDIA, INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(e)** |

## MOTION TO DISMISS FOR FAILING TO STATE A CLAIM OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

Defendant, WATCHR Media, Inc. (hereinafter, "Defendant" or "WATCHR"), by and through its attorneys of record, the law firm of Howard & Howard, hereby files this Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the Alternative, for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e) (hereinafter, the "Motion").

/ / /

This Motion is made and based upon the pleadings and papers on file herein, the Memorandum of Points and Authorities, the Declaration of Carrie A. Longstaff, WATCHR's Request for Judicial Notice, and/or any arguments as may be presented to the Court at the hearing on this Motion.

DATED this 17th day of October 2022.

                       **HOWARD & HOWARD ATTORNEYS PLLC**

                BY: _/s/ Robert Hernquist_
                       Robert Hernquist, Nevada Bar No. 101616

                       *Attorneys for Defendant WATCHR MEDIA, INC.*

**Howard & Howard Attorneys PLLC**
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
(702) 257-1483

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant WATCHR Media, Inc. (hereinafter, "Defendant" or "WATCHR"), respectfully submits this memorandum of points and authorities in support of its motion to dismiss the complaint ("Complaint") filed by August Image, LLC and Creative Photographers, Inc. (collectively with August Image, LLC, "Plaintiffs") for failing to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for copyright infringement or, in the alternative, for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

## I. INTRODUCTION

Plaintiffs' claims are barred by the statute of limitations and should be dismissed. This lawsuit centers around a single cause of action for direct copyright infringement involving the alleged use of images on the MovieWeb and TVWeb websites. Plaintiffs admit in their Complaint that they discovered these uses on or before December 18, 2018, yet waited until May 3, 2022 to file this action. Since Plaintiffs' copyright infringement claims were not brought within the mandatory three years of their accrual, they are time barred and should be dismissed to the extent they seek damages for uses prior to May 3, 2019.

Plaintiffs Complaint should also be dismissed for a lack of statutory standing. Only legal or beneficial owners have the right to bring an action for copyright infringement pursuant to 17 U.S.C. § 501(b). While the Complaint puts forth a conclusory statement that "Plaintiff [sic] owns valid copyrights in the Works," most of the copyright registrations do not list either plaintiff as having any rights or permissions. It is also unclear what rights and permissions Plaintiffs have to assert the copyrights, how they obtained those rights, and which plaintiff actually owns which copyrights further requiring that this matter be dismissed for a lack of statutory standing.

Alternatively, this Court should require Plaintiffs to put forth a more definite statement concerning their claims of copyright infringement. First, nothing in the Complaint describes the alleged uses by Wild Sky Media that were supposedly discovered after December 2018 or what the relationship, if any, there is between Wild Sky Media and WATCHR to hold WATHCR

accountable for direct copyright infringement. Plaintiffs also appear to be asserting infringement of two images that appear not to have U.S. Copyright Registrations. It's unclear from the Complaint what law is being asserted in relation to these images and/or what rights Plaintiffs have in these images. Additionally, the Complaint refers to Copyright Registration No. VA 2-249-715, yet fails to describe what image is allegedly at issue or how it was inappropriately used. Accordingly, for all these reasons, the Court should grant Plaintiffs' motion for a more definite statement and require Plaintiffs to provide more details about the claims since they are currently too vague and ambiguous to properly respond to.

## II.   FACTUAL BACKGROUND

On May 3, 2022, August Image, LLC and Creative Photographers, Inc. filed this lawsuit against WATCHR alleging copyright infringement of the works listed in Exhibit 1 to the Complaint (hereinafter, the "Works"). (ECF No. 1, Compl. ¶¶ 1-4, 12, 26.) Exhibit 2 contains images of Plaintiffs' Works that were allegedly infringed. (*Id.* ¶ 12; ECF No. 1-3, Compl., Ex. 2.)

The Complaint contains one cause of action for what appears to be direct copyright infringement under 17 U.S.C. § 501. (ECF No. 1, Compl. ¶ 26.) Plaintiffs state that WATCHR infringed the Works, which "Plaintiff [sic] owns," by having "copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works." (*Id.* ¶ 26.) Despite Plaintiffs' claim to own the copyrights at issue, the U.S. Copyright Office records do not list either plaintiff on the registrations. Declaration of Carrie A. Longstaff (hereinafter "Longstaff Decl."), Exs. A through W; WATCHR's Request for Judicial Notice, Exs. A through W. At best, a handful of them list Bill Hannigan of August Image, LLC as having rights and permission. Longstaff Decl., Exs. A through C. Other registrations either list Bill Hannigan of AUGUST, CPi Syndication, or various other individuals as having rights and permissions. Longstaff Decl., Exs. D through W.

In Exhibit 3, Plaintiffs have set forth "copies of Defendant's [alleged] infringements of the Works" on the MovieWeb and TVWeb websites (hereinafter, the "Websites"). (*Id.* ¶ 12; ECF No. 1-4, Compl., Ex. 3.) These online Websites, which were run by WATCHR, featured articles about the television and entertainment industry. (ECF No. 1, Compl. ¶ 5; ECF No. 1-4, Compl., Ex. 3.) As Plaintiffs allege, "[o]n or about December 18, 2018, Plaintiff [sic] discovered the unauthorized use by Watchr of some of the Works on Websites. Thereafter, additional unauthorized uses of the Works by Wild Sky Media were discovered." (*Id.* ¶¶ 12, 17; ECF No. 1-4, Compl., Ex. 3.) Plaintiffs further allege that "Watchr copied and distributed Plaintiff's [sic] copyrighted Works in connection with Wild Sky Media's business for purposes of advertising and promoting Wild Sky Media's business, and in the course and scope of advertising and selling products and services." (*Id.* ¶ 19.)

### III. ARGUMENT

#### A. Motion to Dismiss For Failing to State a Claim

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff should plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir 2008) (citation omitted). Courts are also not "bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citations omitted). Rather than a "formulaic recitation of the elements" of a claim, a plaintiff must assert "well-pleaded factual allegations" that "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 678-79. A complaint should be dismissed under Rule

12(b)(6) when it "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Patton v. Forest Laboratories, Inc.*, 793 Fed. App'x. 608, 609 (9th Cir. 2020) (quoting *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013)).

In considering a motion to dismiss, ordinarily a court should not consider materials beyond the pleadings. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). However, a court may consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice" without converting a motion to dismiss into one for summary judgment. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Under Fed. R. Evid. 201(b), a court may take judicial notice of adjudicative facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Facts are considered indisputable, and subject to judicial notice when they are "generally known" or capable of accurate and ready determination "from sources whose accuracy cannot be reasonably questioned." Fed R. Evid. 201(b)(1)-(b)(2). In the past, courts within the Ninth Circuit have taken judicial notice of public undisputed facts, which have included information from places such as the Encyclopedia Britannica. *See Singh v. Ashcroft*, 393 F.3d 903, 905 (9th Cir. 2004); *Pretty in Plastic, Inc. v. Bunn*, No. CV 18-6091-GW(SKx), 2019 WL 1771654, at *3 (C.D. Cal. Feb. 8, 2019); *Petrov v. Hebert Research, Inc.*, No. C14-0754JLR, 2015 WL 4508708, at *4 (W.D. Wash. July 24, 2015).

**B.      Plaintiffs' Copyright Claims are Time Barred and Must Be Dismissed For Damages Relating to Any Uses Outside the Three Year Period**

Plaintiffs were required to file their copyright infringement claims "within three years after the claim[s] accrued," but they did not. 17 U.S.C. § 507(b). It is black letter law that "[a] copyright infringement claim is subject to a three-year statute of limitations, which runs separately for each violation." *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 971 F.3d 1042, 1047 (9th Cir. 2020). As the Ninth Circuit has held, a claim for copyright infringement accrues "when the copyright holder 'has knowledge of a violation or is chargeable with such knowledge'." *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 706 (9th Cir. 2004) (quoting

*Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994)); *see Oracle Am., Inc.*, 971 F.3d at 1047 ("statute begins to run - when party discovery, or reasonably should have discovered, the alleged infringement."). A plaintiff has constructive knowledge when it has "enough information to warrant an investigation which, if reasonably diligent, would have led to discovery of the [claim]." *Oracle Am., Inc.*, 971 F.3d at 1047 (citation omitted).

Plaintiffs admit that they discovered some of WATCHR's alleged improper uses "[o]n or about December 18, 2018" on the Websites but still waited over three years to file this lawsuit on May 3, 2022. (ECF No. 1, Compl. ¶ 19; ECF No. 1-4, Compl. Ex. 3 (listing the dates of the article postings); Longstaff Decl, Exs. X through AB (listing the dates of the Website articles with missing dates)).[1] Based on this alone, the Complaint makes clear on its face that Plaintiffs' claim relating to the Websites are time barred by statute of limitations and should be dismissed under Fed. R. Civ. P. 12(b)(6) to the extent it seeks damages for any alleged infringing acts prior to May 3, 2019. *See Seven Arts Filmed Entertainment Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 and 1258 (9th Cir. 2013); *see also Starz Entertainment, LLC v. MGM Domestic Television Distribution, LLC*, 510 F.Supp.3d 878, 883 (C.D. Cal. 2021) (citing *Roley v. New World Pictures, Ltd.*, 19 F.3D 479, 481 (9th Cir. 1994) (the Ninth Circuit follows the rolling

---

[1] Exhibit 3 does not provide a date for the alleged use shown in relation to the work titled AU1299331, but a review of the internet address listed therein off the Internet Archive Wayback Machine shows that the article was posted on March 20, 2014. ECF No. 1-4, Compl. Ex. 3 at p.9; Longstaff Decl, Ex. X, Internet Archive Wayback Machine capture of http://web.archive.org/web/20141002114139/https://movieweb.com/6-actors-that-could-replace-hugh-jackman-as-the-wolverine/ as it existed on October 2, 2014* (*there appears to be an issue with the Wayback Machine and the image shown is the same one as appears on the website today at: https://movieweb.com/6-actors-that-could-replace-hugh-jackman-as-the-wolverine/ (last visited Oct. 17, 2022) (Longstaff Decl. Ex. Y)). Exhibit 3 lists the use relating the works titled NMU12028_09_009 and AU1126514 as one year ago but fails to describe when these alleged uses were pulled off the internet and a review of the website listed in Exhibit 3 pulled from the Wayback Machine shows that the article's posting date was March 13, 2015. ECF No. 1-4, Compl. Ex. 3 at p.43 and 46; Longstaff Decl., Ex. Z, Internet Archive Wayback Machine capture of https://movieweb.com/steve-mcqueen-movie-biopic-channing-tatum-ryan-gosling/ as it existed on March 16, 2015. Finally, as for the work titled FOC13008_02_012, Exhibit 3 does not provide the alleged use relating to the MovieWeb site, but a review of the website listed in Exhibit 3 shows that the article was posted on February 25, 2015 as can be seen on the Wayback Machine. Longstaff Decl., Ex. AA, Internet Archive Wayback Machine capture of https://web.archive.org/web/20150703143825/http://movieweb.com/fifty-shades-gray-darker-sequel-jamie-dornan-rumors/ as it existed on July 3, 2015 (noting that there appears to be an issue with the Wayback Machine and the image is not loading).

Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
(702) 257-1483

approach for statute of limitations for continuing infringements and "bars recovery on any claim for damages that accrued more than three years before commencement of the suit.")).

Plaintiffs' Complaint continues by alleging that after December 18, 2018, "additional uses of the Works by Wild Sky Media were discovered." (*Id.*)  Yet as discussed below, the Complaint does not provide any information concerning Wild Sky Media's alleged uses, and WATCHR has moved for a more definite statement on those allegations of infringement.  *See infra* Section III(D).

Regardless of the insufficiency of their pleadings, as of 2018, Plaintiffs were on notice that WATCHR was allegedly violating their rights and should have undertaken a reasonable investigation to determine if there were other infringing uses.  Yet, Plaintiffs do not allege that they did anything.  Because Plaintiffs effectively had constructive knowledge of potential other uses by 2018, all of the uses in this action should fall outside of the statute of limitations and be dismissed as time barred to the extent they seek damages for alleged infringing acts prior to May 3, 2019.  *Oracle Am., Inc.*, 971 F.3d at 1047 (citation omitted) (granting dismissal of the infringement claims under statute of limitations by failing to undertake a reasonable investigation after suspecting infringement); *White v. Broadus*, 748 Fed.Appx. 131, 132 (9th Cir. 2019) (affirming defendants' motion to dismiss where plaintiffs' claims were time-barred).

C. **Plaintiffs' Complaint Should Be Dismissed For Lack of Statutory Standing Because Plaintiffs are Neither the Legal or Beneficial Owners of the Copyright Rights at Issue**

To bring an action for copyright infringement, Plaintiffs must be either "[t]he legal or beneficial owner of an exclusive right [for each of the] copyright[s]."  17 U.S.C. 501(b).  Although "'copyrights are divisible,' and can be freely transferred, the question of standing to sue depends on the nature of the interest transferred." *Tresóna Multimedia, LLC v. Burbank High School Vocal Music Association*, 953 F.3d 638, 645 (9th Cir. 2020) (citations omitted).  Absent a proper ownership interest, a plaintiff lacks standing to sue for copyright infringement, and the

matter must be dismissed. *See DRK Photo v. McGraw-Hill Global Education Holdings, LLC*, 870 F.3d 978, 988-89 (9th Cir. 2017) (affirming the dismissing the action where plaintiff was neither the legal or beneficial owner of the copyrights at issue); *Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1172 (9th Cir. 2013) (affirming the grant of the motions to dismiss since plaintiff was not the owner of any exclusive copyright rights and lacked standing to sue); *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1146 (9th Cir. 2008) (finding plaintiff was neither an exclusive licensee or co-owner and therefore lacked standing to bring the copyright infringement claims).

In the Complaint, Plaintiffs allege ownership of the copyrights in a conclusory manner by stating that "Plaintiff [sic] owns valid copyrights in the Works at issue." (ECF No. 1, Compl. ¶¶ 12, 14, and 24.) Exhibit 1 provides a list of the title, author, registration number, and registration date. (ECF No. 1-2, Compl. Ex. 1 at p. 2-3.) However, Plaintiffs do not allege which copyrighted work is owned by which plaintiff or how they became the owners of the copyrighted works. More important, Copyright Office Records contradict Plaintiffs' ownership claims.

This Court is not required to assume the truth of Plaintiffs' legal conclusion about ownership just because it has been set forth in the form of a factual allegation in the Complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Based on a review of the copyright registrations cited in Exhibit 1 as recorded in the U.S. Copyright Office, most do not list either plaintiff anywhere including as having any "Rights and Permissions." Longstaff Decl., Exs. A through W. Three of the copyrights list "Bill Hannigan, AUGUST (August Image, LLC)," as having "Rights and Permissions," but does not list Hannigan or August Image, LLC as an owner. Longstaff Decl., Exs. A through C. The other copyrights list either "Bill Hannigan, AUGUST," "CPi Syndication," or other individuals as having "Rights and Permissions," none of whom are named as plaintiffs in this action, and none of which are listed as having ownership rights. Longstaff Decl., Exs. D through W. It is unclear what rights and permissions, if any, were provided to these individuals and entities to have standing to sue on the alleged copyrights including the two works that were first published in the United Kingdom by Danielle Levitt and Greg Williams. (ECF No. 1-2, Compl., Ex. 1 at 2-3.) Accordingly, this Court should dismiss

Plaintiffs' Complaint, as the allegations about ownership and standing to sue are conclusory and are contradicted by the U.S. Copyright Registrations.

### D.  Defendant's Motion for a More Definite Statement Should be Granted as the Complaint is Vague and Ambiguous

Pursuant to Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that a party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  A pleading must state a claim for relief pursuant to Rule 8 that contains "a short and plain statement of the claim showing that the pleader is entitled to relief . . . [that] give[s] the defendant fair notice of what the plaintiff's claim is and grounds up on which it rests." *Manansingh v. United States*, No. 2:20-cv-01139-DWM, 2021 WL 2080190, at *2 (D. Nevada May 24, 2021).  This short statement must identify "the elements of his or her claim, identify[] the transaction or occurrence giving rise to the claim and the elements of the prima facie case . . . ." *Bautista v. L.A. County*, 216 F.3d 837, 840 (9th Cir. 2000).

Plaintiffs' Complaint does not set forth all elements of their claim.  The Complaint contains only one cause of action for direct copyright infringement pursuant to 17 U.S.C. § 101 et seq. claiming that "Watchr copied, displayed, and distributed the Works at issue . . . and made derivatives of the Works without Plaintiff's authorization in violation of 17 U.S.C. § 501." (ECF No. 1, Compl. ¶ 26.)  Since most of the alleged uses by WATCHR are barred by the statute of limitations, as discussed above (*see supra* Section III(B)), Plaintiffs' remaining claim involves the "additional unauthorized uses of the Works by Wild Sky Media," a nonparty, that were discovered sometime after December 2018.  (ECF No. 1, Compl. ¶ 17.)

Plaintiffs allege that WATCHR "copied and distributed Plaintiff's copyrighted Works in connection with Wild Sky Media's business for purposes of advertising and promoting Wild Sky Media's business, and in the course and scope of advertising and selling products and services." (*Id.* at ¶ 19.)  Yet, Exhibit 3 to the Complaint sets forth alleged "copies of Defendant's

infringements," which only relate to "Watchr . . . websites . . . www.movieweb.com, [sic] and www.tvweb.com." (*Id.* at ¶¶ 5 and 12; ECF No. 1-4, Compl. Ex. 3.) Nowhere in the Complaint do Plaintiffs allege which copyright registrations and related images were used by Wild Sky Media, how they were used, where they were used, and what connection, if any, there is between WATCHR and Wild Sky Media to hold WATCHR liable for direct copyright infringement. This is probably because WATCHR has never had any relationship with Wild Sky Media.

To state a claim for copyright infringement, Plaintiffs must allege they own valid copyrights and that WATCHR copied "constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 361 (1991); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014 (9th Cir. 2001). To establish direct infringement, Plaintiffs must allege that WATCHR was "close enough to the [infringing] event to be considered the most important cause." *See Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017).

Plaintiffs have not done this and instead set forth nothing "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation," that fail to raise the claim "above the speculative level," which requires granting this motion. *Edwards v. Juan Martinez, Inc.*, 506 F.Supp.3d 1061, 1072 and 1076 (D. Nevada 2020) (granting the motion for a more definite statement and granting the motion to dismiss certain statutory claims); *Finn v. City of Boulder City*, No. 2:14-cv-1835-JAD-GWF, 2015 WL 2186497, at *2 (D. Nevada May 6, 2015) (granting motion for more definite statement when "it is not clear that any claim has actually been asserted against defendants . . . [since] plaintiff has an obligation to sufficient identify who the target of each is.").

Plaintiffs' allegations concerning Wild Sky Media are so vague and ambiguous, WATCHR cannot properly respond to them as it is unclear what WATCHR did to violate Plaintiffs' alleged rights or what copyrights and images were involved. Likewise, Plaintiffs' claim of ownership over the copyrights are also vague and ambiguous since Plaintiffs allege that "Plaintiff" is the owner of the copyrights without specifying which plaintiff owns which copyrights and how that plaintiff owns the copyright in question. (ECF No. 1, Compl. ¶ 24.)

Plaintiffs also have not explained what the derivative Works are or the social media websites at issue, if any. (ECF No. 1, Compl. ¶¶ 5, 6, 26).

Plaintiffs also appear to be asserting two copyrights in this action that were originally published in the United Kingdom even though Plaintiffs claim to have "registered the Works at issue in this case with the Registered of Copyrights." (ECF No. 1, Compl. ¶ 25; ECF No. 1-2, Compl. Ex. 1 at p. 2-3 (works titled AU1303797 and AU1356288 appear without registration numbers.) The Complaint does not identify which law is being used to assert these works, such as under United Kingdom law, or how Plaintiffs have the right to assert claims concerning these works here. Based on all these deficiencies, this Court should grant WATCHR's motion for a more definite statement concerning Plaintiffs' copyright claim.

Additionally, the Court should also require Plaintiffs to provide a more definite statement concerning Copyright Registration No. VA 2-249-715 by author Art Streiber relating to the work entitled AU184762. (ECF No. 1-2, Compl. Exhibit 1 at p.2.) Besides the registration being listed in Exhibit 1 to the Complaint as a "copyrighted work[] infringed by Watchr," Plaintiffs have not provided any allegations concerning what the alleged image is or where it was improperly used. (ECF No. 1, Compl. ¶12; ECF No. 1-2, Compl. Exhibit 1 at p.2.) Reference to AU184762 is absent from both Exhibits 2 and 3 to Complaint. (ECF No. 1, Compl. ¶ 12; *see also* ECF No. 1-2, Compl. Ex. 1 at p.2; ECF No. 1-3, Compl. Ex. 2; ECF No. 1-4, Compl. Ex. 3.) Based on this, any claims relating to Copyright Reg. No. VA 2-249-715 should either be dismissed entirely for failing to state a claim or Plaintiffs should be required to provide a more definite statement as to their claim of infringement including a copy of the image at issue since the copyright registration involves a group registration of 164 photographs. *See* Longstaff Decl., Ex. W.

/ / /

### IV. CONCLUSION

For the foregoing reasons, WATCHR respectfully requests that the Court grant WATCHR's motion to dismiss for failing to state a claim or, in the alternative, for a more definite statement.

Dated: October 17, 2022

          **HOWARD & HOWARD ATTORNEYS PLLC**

          BY: _/s/ Robert Hernquist_
                 Robert Hernquist, Nevada Bar No. 101616

          *Attorneys for Defendant WATCHR MEDIA, INC.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 17, 2011, I electronically filed **WATCHR MEDIA, INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(e)** with the Court using the CM/ECF system, which will automatically send copies to any attorney of record in the case.

                                            /s/ Angela Westlake
                                 An employee of **Howard & Howard Attorneys PLLC**